312

Luis Santos, Petitioner, v. The Industrial Commission of Puerto Rico, etc., Defendant, and The Manager of the State Insurance Fund, Insurer.

No. 215. Argued March 17, 1941.—Decided March 20, 1941.

*Edelmiro Soldevila* for petitioner. *George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González,* the latter attorney for the State Insurance Fund, for the Manager of the Fund.

Mr. Justice Travieso delivered the opinion of the Court.

The petitioning workman, an employee of the Ochoa Fertilizer Corporation, was injured while working for his employer and two days later went to the Manager of the State Insurance Fund to request medical aid for his injury. On the following day, one of the doctors of the insurer invited him to go before the Industrial Commission without informing him why he was taking him there, and there, before one of the Commissioners, he accused him of having fraudulently intervened with the injury received in order to retard his cure and asked that the injured workman be deprived of compensation.

In the petition filed in this Court, it is alleged that eight days later, the Industrial Commission rendered an order authorizing the Manager of the Fund to deprive the workman of his compensation; that the petitioner prayed for the reconsideration of the order alleging that he had not had his day in court, which was denied.

The grounds of this appeal are:

1. That the decision appealed from was rendered without holding a public hearing and without giving the workman an opportunity to defend himself and without formally accusing him.

2. That the accusation made by the doctor was not made under oath.

3. That the Commission did not have legal evidence before it to justify its decision.

The decision appealed from reads as follows:

"In the case at bar, Dr. A. M. Marchand, of the State Insurance Fund Bureau, appeared before the Industrial Commission on September 11, 1940, and brought with him the workman Luis Santos so that the Commission could observe that the workman had been interfering with his wound, to the end that if the Commission so found, it should order that the workman be deprived of his right to receive compensation. Doctor Marchand expressed himself as follows:

" 'Mr. Commissioner, in this case we bring the workman, Luis Santos, employed by the Ochoa Fertilizer Corporation, who reported for examination on September 10, 1940, alleging that while emptying a bag, a piece of ammonia sulphate which was in the bag fell out and hit him on the shin of his left leg, causing a wound. The workman is brought before this Honorable Industrial Commission because we understand that the workman presents a wound with which he has interfered fraudulently with the purpose of delaying the treatment; and therefore, he should be deprived of all right to compensation. The wound, as may be seen, is only three days old and consists of an ulcer of a diameter of one and one half inches with a completely necrotic base. It is impossible that a piece of ammonia sulphate fell precisely on that same place, where there was not supposed to be any previous bruise, and caused that burn, especially in a place completely protected by his trousers.' Dr. Boneta was of the same opinion as Dr. Marchand.

"The Industrial Commission, therefore, decides to authorize the insurer to deprive the workman of his right to receive compensation, without depriving him of whatever medical attention he may need until he is totally cured.

"This order will be notified to the petitioner.

"San Juan, Puerto Rico, September 19, 1940."

From the original record of the case which we have at hand, it only appears that on September 11, 1940, the workman in person and the insurer represented by his doctor, appeared before Mr. Commissioner Herrero, Dr. Boneta, medical adviser of the Commission being also present; that Dr. Marchand made the statements which are copied in the decision appealed from, *supra;* and that Dr. Boneta said: "I agree with that opinion." It does not apppear in any part of the record that the injured workman was given an opportunity to be heard nor even that he was asked whether he admitted or denied the charges made by the doctor of the State Insurance Fund. Nor does it appear whether the agreement of Dr. Boneta with the opinion given by his colleague was based on a personal examination of the wounds or if it was based on the hypothesis that the facts occurred in the manner related by the accusing doctor. There was so much haste to decide the case that Dr. Boneta was only given time to say exactly the words above copied which were sufficient to deprive the workman of his compensation.

When a workman is injured as a consequence of an accident occurred in the course of his employment, he acquires the right to receive medical treatment and the compensation provided for by the laws in force. Of this right to compensation he cannot be deprived without due process of law, whose essential and indispensable element is the right to be heard, to be confronted with the witnesses who accuse him and to present the testimony of his witnesses.

The proceeding followed against the petitioner was not strictly of a criminal nature but it may be considered as quasi criminal. He was accused of a fraudulent act with the

intention of defrauding the State Fund; it was prayed that he be deprived and he was deprived of all compensation. He was condemned without being heard and possibly without understanding exactly the nature and consequences of the charge made against him.

It is true that the petitioning workman was present while Dr. Marchand accused him before the Commissioner, but who can definitely state that the injured workman heard and understood the accusation, or that his grade of intelligence was sufficient to understand the significance of having *fraudulently intervened in order to retard the cure* and that the base of the wound on his leg *was completely necrotic* if he was not even asked if he had anything to say?

The statement made by the Commissioner, Mr. Herrero, at the hearing of the motion for reconsideration that "the haste in the proceedings is justified and it is due to the nature of the charge that this is done because if it is delayed the signs may disappear" is not legally sufficient to cure the error committed in condemning the petitioning workman without giving him an opportunity to be heard in his own defense. The State Insurance Fund and the Commission did not err in proceeding summarily to hear in the presence of the workman the testimony which tended to establish the fact that the workman had fraudulently intervened with the wound. In so doing, the Commission did not only perpetuate the testimony of the doctors who examined the workman, but also gave the Commissioners an opportunity to see for themselves the nature and importance of the wound and its condition at the moment when the workman was accused of having intervened to retard its cure. The Commission erred in deciding the case without giving the workman an opportunity to be heard in his own defense; it again erred when it refused to reconsider its decision.

For the foregoing reasons, the decision appealed from must be reversed and the case remanded to the Industrial

Commission for a new hearing in accordance with the provisions of this opinion.